UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE W. HYDE | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:04-CV-1473-B |
| | § | ECF |
| v. | § | |
| | § | |
| HOFFMAN-LA ROCHE INC. and | § | |
| ROCHE LABORATORIES, INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is Plaintiff George W. Hyde's Motion for Leave to File Supplemental Pleadings, Briefs, Authorities or Evidence, filed February 15, 2008 (doc. 48) and Defendants' "Request for Ruling on Motion for Summary Judgment" (doc. 45). After due consideration and review of the motion and briefing, Plaintiff's Motion (doc. 48) is GRANTED in so far as the parties may provide additional supplemental authority only and DENIED in part. Defendants' Request for Ruling (doc. 45) is GRANTED and a hearing on their motion is scheduled for Friday, August 22, 2008 at 10:00 a.m.

### I. BACKGROUND

On March 15, 2004, Plaintiff filed a products liability suit against Hoffman-La Roche Inc. and Roche Laboratories, Inc. (collectively, "Defendants") claiming Plaintiff was prescribed and received the drug Accutane which was manufactured, sold and/or distributed by Defendants, and claiming that after consuming Accutane in 1983 and 1984, Plaintiff suffered gastrointestinal problems which ultimately led to the removal of his colon in 1991.

On August 27, 2004 Defendants gave notice of their Motion for Summary Judgment (doc. 12), and on October 5, 2004 a joint motion was submitted containing: Defendants' Motion for Summary Judgment and Brief in Support, Plaintiff's Response to Defendants' Motion for Summary Judgment, Defendants' Reply to Response for Motion for Summary Judgment, and a joint appendix (doc. 24). Essentially, Defendants argued that Texas' Statute of Repose, Tex. Civ. Prac. & Rem. §16.012(b), bars Plaintiff's claim.[1]

On August 31, 2004, Plaintiff filed a Motion for Voluntary Dismissal without Prejudice (doc. 14). Over Defendants' opposition, Judge Buchmeyer dismissed the case without prejudice on January 10, 2005 (doc. 33). Defendants appealed the dismissal. On appeal, the Fifth Circuit reversed and remanded finding that "the defendants w[ere] potentially [] stripped of a defense based on a Texas statute of repose" when the case was dismissed and brought in another venue (doc. 41). *Hyde v. Hoffmann-La Roche*, Inc., 511 F.3d 506, 507 (5th Cir. 2007).

On January 23, 2008, Defendants apparently attempted to alert the Court of the pending summary judgment motion (doc. 45). On February 15, 2008, Plaintiff filed a Motion for Leave to File Supplemental Pleadings, Briefs, Authorities or Evidence ("Plaintiff's Motion") (doc. 48). The motions are ripe for consideration.

## II.  ANALYSIS

A.  **Defendants' Request for Ruling**

On January 11, 2008, the Fifth Circuit remanded the instant case for proceedings

---

[1] Tex. Civ. Prac. & Rem. §16.012(b) mandates that "[a] claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."

consistent with its opinion (doc. 41). Defendants' summary judgment motion is ripe for adjudication. Accordingly, Defendants' Request for a Ruling is granted. The Court will hold a hearing on the summary judgment motion on Friday, August 22, 2008 at 10:00 a.m.

**B.     Plaintiff's Motion for Leave to File Supplemental Pleadings, Briefs, Authorities or Evidence**

Plaintiff's Motion is neither a model of clarity nor specificity. Even the general nature of what Plaintiff hopes to amend or supplement, specifically or generally, beyond advising the Court of a recent Fifth Circuit opinion is somewhat of a mystery. On the one hand, Plaintiff first seeks to "supplement" pleadings, briefs, authorities or evidence pursuant to Local Rule 56.7 ("a party may not, without permission of the presiding judge, file supplemental pleadings, briefs, authorities or evidence"). On the other, Plaintiff concludes his Motion with a request to "amend his pleadings and/or file such evidence (which will be relevant to issues surrounding *Vaughn* only)." *See also* Federal Rule of Civil Pro. 15(d) ("Supplemental Pleadings"). In his reply, Plaintiff depicts his Motion as "requested leave to file leave [sic.]to supplement or amended pleadings and summary judgment evidence." He then references the liberal policy favoring amendments found under Federal Rule of Civil Procedure 15(a). Of course, there is a fundamental difference between Rule 15(a), which instructs courts to "freely give leave when justice so requires, and Rule 15(d) which has no such liberal policy. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (illustrating textual difference between 15(a) and 15(d)). Significantly, Plaintiff makes no attempt to show that he met the threshold standard of showing good cause existed to

3

amend the Scheduling Order.[2]

The Court will therefore treat Plaintiff's Motion as both (1) a motion for leave to amend pleadings under Federal Rule of Civil Procedure 15(a) and (2) a motion for leave to supplement pleadings, authorities and evidence under Local Rule 56.7 and Federal Rule of Civil Procedure 15(d).

*1.     Leave to Supplement Authority*

The Fifth Circuit's ruling in this case did not resolve Plaintiff's open courts challenge to the Statute of Repose and similarly did not address whether the Plaintiff falls within an exception to the Texas Statute of Repose.[3] Plaintiff argues that *Vaughn v. Fedders Corp.*, No. 05-11329, 2007 WL 1598732 (5th Cir. Jun. 4, 2007) (per curiam), decided while this action was on appeal, has direct applicability to this action. Plaintiff then proceeds to discuss the applicability of *Vaughn* and, in response, Defendants have sought to distinguish *Vaughn.* Thus, to the extent the parties hope to further brief *Vaughn*, that effort would be unnecessary. However, given the time elapsed between the pending summary judgment motion and the remand order, the Court will

---

[2] Plaintiff's request should first be reviewed under the good cause standard to modify a Scheduling Order under Federal Rule of Civil Procedure 16(b)(4). *Home Depot*, 2007 WL 2592353, at *4 (outlining 16(b) good cause requirement before 15(a) standard). Judge Buchmeyer's Scheduling Order called for amended pleadings by November 16, 2004 (doc. 5), a deadline which Plaintiff missed and a point Plaintiff fails to brief. The omission, however, makes little difference. Even assuming good cause exists (which the Court doubts), the Court ultimately denies Plaintiff leave to amend. *See Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003) (noting good cause standard governs modification to scheduling order).

[3] Tex. Civ. Prac. & Rem. §16.012(d)(3) ("This section does not apply to a products liability action seeking damages for personal injury or wrongful death in which the claimant alleges: . . . (3) the symptoms of the claimant's disease did not, before the end of 15 years after the date of the first sale of the product by the defendant, manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury.").

4

permit both parties to each file a three-page supplemental brief providing additional, controlling authority, if any, relevant to open questions before the Court. *See, e.g., Burlington Northern & Sante Fe Railway v. Poole Chemical Co.*, 419 F.3d 355 (5th Cir. 2005) ("retroactive application of § 16.012 does not violate the open courts provision of the Texas constitution"). Both parties shall each file their supplemental brief, if at all, by 5:00 p.m. on August 8, 2008.

  2. *Leave to Amend Pleadings*

Federal Rule of Civil Procedure 15(a) instructs that leave to amend should "be freely given when justice so requires." A court should consider, *inter alia*, undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party and the futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g., U.S. ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 386 (2003) (affirming court's denial of leave to amend when, among other reasons, an amendment would be futile); *J.R. Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (noting that futility standard equivalent of Rule 12(b)(6) failure to state claim). Leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Despite the liberal policy under Rule 15(a), the Court denies Plaintiff leave to amend his pleadings. Any amended allegations - over four years into the case - will undoubtedly cause undue delay and prejudice to Defendants. This action was initially filed in the state district court for the 413th Judicial District of Johnson County, Texas on March 15, 2004 and was removed to this Court on July 8, 2004. Defendants raised their statute of repose affirmative defense shortly thereafter on August 11, 2004 (doc. 9) followed by their motion for summary judgment (doc. 24). The Plaintiff has not specified any particular new allegations or amendments other than

5

what he may deem necessary under *Vaughn*. Given the pending motion for summary judgment, the Court is wary of the prejudice to Defendants if Plaintiff were, in effect, able to - at this late date - thwart resolution of a pending summary judgment motion. *See Home Depot v. Nat'l Fire Ins. Co.*, 2007 WL 2592353, at *3 (N.D. Tex. Sept. 10, 2007) ("The court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a summary judgment motion); *AMS Staff Leasing v. Associated Contract Truckmen, Inc.*, 2006 WL 1096777, *7 (N.D. Tex. Apr. 26, 2006).

Moreover, it is not lost on the Court that, on the heels of the Defendants' filing of their statute of repose defense in August 2004, Plaintiff moved for a voluntary dismissal of the case. In that motion, Plaintiff represented to the Court that "Plaintiff no longer desires to prosecute this action." In less than a month, however, Plaintiff filed an identical action in New Jersey Superior Court, Atlantic County. That state coincidentally has no statute of repose, and "the New Jersey Supreme Court has refused to apply another state's statute of repose in a products liability lawsuit against a manufacturer." (doc. 27).

Plaintiff also fails to account for his own inaction. It was certainly incumbent upon him to not only oppose Defendants' motion for summary judgment with evidence of an accrued claim, but to seek leave of the Court to amend his pleadings to allege such facts. *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 315-16 (5th Cir. 1996) ("Liberality in pleading does not bestow a litigation the privilege of neglecting her case for a long period of time."). It is of vital relevance that his ability to allege facts and claims, such as when he first learned that Accutane was purportedly related to his alleged injuries, were within his personal knowledge prior to filing his complaint. *See id.* at 316 (affirming denial of leave to amend given the 11 month delay

between seeking leave and filing the first amended complaint); *see, e.g., Pope v. MCI Telecom. Corp.*, 937 F.32d 258, 263 (5th Cir. 1991) (observing that proposed new claim is based on same facts as her previous claims); *WRR Industries v. Prologis*, 2006 WL 1814126, ay *14 (N.D. Tex. Jun. 30, 2006) (finding facts of proposed new claims known since inception of case).

In sum, the Court finds that justice does not require Plaintiff be granted leave to amend his pleadings.

3. *Leave to Supplement Pleadings*

Under Local Rule 56.7, a court may permit the parties to file supplemental pleadings. Federal Rule of Civil Procedure 15(d) supplemental materials may only set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The decision to grant or deny leave to supplement is within the sound discretion of this Court. *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995). Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a). *Southmark*, 88 F.3d at 314-15; *see, e.g,. Rainey v. Herrera*, 2007 WL 2142091, slip op. at 1 (S.D. Tex. 2007) (applying the Rule 15(a) factors in denying plaintiff's motion for leave to file supplemental complaint).

The Court is loathe to delay this action any more particularly given Defendants' ripe motion for summary judgment. *See, e.g., Villas at Parkside Partners v. City of Farmers Branch*, 2008 WL 2201978, at *5 (N.D. Tex. May 28, 2008) (denying, in the alternative, leave to allow counterclaim because of resulting delay in resolution of pending summary judgment motion). As discussed *supra,* it is also evident that Plaintiff seeks leave to address events or facts that occurred

prior to the filing of his Complaint. Nothing has changed, as best discerned by the Court but left unaddressed by Plaintiff, since the filing of the Complaint that would warrant supplemental pleadings. *Burns,* 158 F.3d at 343 (affirming district court's denial of 15(d) leave when no changed circumstances). Accordingly, the Court denies Plaintiff leave to supplement his pleadings.

 4. *Leave to Supplement Evidence*

The Court likewise denies Plaintiff leave to supplement the summary judgment record. The purpose of Local Rule 56.7 is to prevent the irresistible urges of parties to respond in kind to opposing parties' supplementation of evidence, the undue delay of resolving a pending motion and the creation of uncertainty of the ripeness of a dispositive motion. *See Home Depot*, 2007 WL 1969752, at *2. That said, courts will permit supplements to the evidentiary record for good reason. *See, e.g., Harris Corp. v. Ericsson, Inc.*, 194 F. Supp. 2d 533, 542 (N.D. Tex. 2002) (permitting addition given the volume of the expedited document production); *Wright v. Blythe-Nelson*, 2001 WL 1012701, at *1 (N.D. Tex. Aug. 15, 2001) (allowing supplemental appendix filed one day after filing of appendix which provided defendants fair opportunity to respond to evidence in reply brief).

Here, the Court finds no justification to allow Plaintiff to file supplemental evidence. The opportunity to develop and submit evidence relevant to the statutes of limitation and repose, the discovery rule and the applicability of the latent disease exception has come and gone. As Defendants correctly point out, "Plaintiff has not even alleged, much less offered evidence" of relevant facts such as when he first discovered that his injuries were purportedly related to Accutane, why discovery was impossible or why the action was reasonably delayed (doc. 49).

Nor has Plaintiff offered any evidence, such as personal or expert affidavits or publicly available press reports, that were readily available to him in filing his action and in responding to Defendants' Motion for Summary Judgment. In short, the facts and evidence were relevant and available in 2004 to Plaintiff. *Vaughn* - a per curiam opinion - does not suddenly alter the relevance or availability or excuse a short-sighted view of the evidentiary burden.

### III. CONCLUSION

For the reasons stated herein, the Court GRANTS, in part, and DENIES, in part, Plaintiff's Motion for Leave to File Supplemental Pleadings, Briefs, Authorities or Evidence (doc. 48). The parties may each file a three-page supplemental brief providing additional, controlling authority, if any, relevant to open questions before the Court **by 5:00 p.m. on August 8, 2008.** Plaintiff's remaining request for leave is denied. Defendants' Request for Ruling (doc. 45) is GRANTED. A hearing on Defendants' summary judgment motion is set for **10:00 a.m. on August 22, 2008.**

SO ORDERED.

SIGNED July 30, 2008

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE