UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE W. HYDE | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:04-CV-1473-B |
| | § | ECF |
| v. | § | |
| | § | |
| HOFFMAN-LA ROCHE INC. and | § | |
| ROCHE LABORATORIES, INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is Defendants Hoffman-La Roche Inc. and Roche Laboratories, Inc ("Defendants") motion for summary judgment (docs. 12, 24). On August 22, 2008, the Court held a hearing on the motion. Counsel for Defendants and for Plaintiff George Hyde ("Plaintiff" or "Hyde") appeared. For the reasons set forth below and by Defendants' counsel at the hearing, Defendants' motion for summary judgment is GRANTED.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural history as set forth in its Memorandum Order dated July 30, 2008 (doc. 52) and as presented by counsel for the parties at the August 22nd hearing.

## II. ANALYSIS

### A. Summary Judgment Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact

1

exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075. Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting Fed R. Civ. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Liberty Lobby*, 477 U.S. at 248; *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).

Here, Plaintiff ingested Accutane in 1983 or 1984 which purportedly caused various gastrointestinal complications that culminated in colon surgery in 1991. Plaintiff filed his action

2

against Defendants on March 15, 2004. The Texas Statute of Repose, effective on September 1, 2003, mandates that products liability actions must be filed against the manufacturer or seller within fifteen years of the sale of the product. Tex. Civ. Prac. & Remed. § 16.012. Section 16.012 applies to actions filed on or after July 1, 2003 and has retroactive application. *Burlington Northern & Sante Fe Railway Co. v. Poole Chemical Co.*, 419 F.3d 355, 359 (5th Cir. 2005) (construing § 16.012 to have retroactive application). Accordingly, the Court agrees with Defendants that Plaintiff's claim is barred with a straightforward application of § 16.012. Plaintiff was required to bring his action, at the very latest, in 1999, the 15-year anniversary of the 1984 sale of Accutane to Hyde.

Plaintiff's only recourse is therefore to attempt to escape his ill-advised decision to file in Texas in March 2004.[1] In his Response, Plaintiff argues, sometimes implicitly, that § 16.012 does not bar his action because: (1) his action fits within the latent disease exception of § 16.012; (2) the retroactive application of § 16.012 would violate the open courts provision of the Texas constitution;[2] or (3) the retroactive application of § 16.012 as applied to him is unconstitutional. The Court will address each argument separately.

**B.     Latent Disease Exception**

At the hearing, Plaintiff's counsel all but conceded that a plain reading of the latent disease

---

[1] For example, Defendants' principal place of business is in New Jersey and would have been an appropriate forum. Plaintiff's attempt to voluntarily dismiss the instant action and pursue legal recourse only in New Jersey in a transparent attempt to avoid § 16.012, however, was rejected. *See* Fifth Circuit Memorandum Opinion and Mandate (docs. 41, 42).

[2] The Texas open courts provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. Art. 1, § 13.

exception of § 16.012 was inapplicable.  More importantly, Plaintiff's counsel clarified footnote 1 in his Motion for Leave to File Supplemental Pleadings, Briefs, Authorities or Evidence (doc. 48) conceding that there was no discovery rule within § 16.012.  Upon a plain reading of the language, the Court agrees.  Under § 16.012(d)(3), the statute of repose does not apply to products liability actions when "the symptoms of the claimant's disease did not, before the end of 15 years after the date of the first sale of the product by the defendant, manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury." Suspending incredulity for a moment, the Court concludes there is no material fact at issue.  Plaintiff was on reasonable notice that he suffered an injury, at the latest, during his 1991 colon surgery.  The latent disease exception for § 16.012 is thus inapplicable.

**C.     Open Courts Challenge**

Plaintiff's counsel, in appreciable candor, also concedes that making an open courts challenge is without merit.  The Fifth Circuit explicitly ruled that this retroactive application of this specific statute of repose does not violate the open courts provision of the Texas constitution.  *Burlington*, 419 F.3d at 361 (noting that plaintiffs have nothing more than "an expectation based on an anticipated continuance of existing law, an expectation not protected by the Texas constitution.").

**D.     Retroactive Application of § 16.012**

Plaintiff pins his final hope to avoid § 16.012 on its retroactive application as applied to him. Article 1, § 16 of the Texas constitution states that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."   For example, in a per curiam opinion, the Fifth Circuit found that § 16.012 as applied to the plaintiff was unconstitutional.  *Vaughn v. Fedders Corp.*, 239 Fed. Appx. 27, 1997 WL 1598732 (5th Cir. Jun. 4,

2007) (per curiam). Plaintiff contends that "[o]n the basis of *Vaughn*, Mr. Hyde likewise claims § 16.012, as applied to him, violates Article I, § 16 of the Texas Constitution as an improper retroactive law." Pl. Mot. for Leave to File Supplemental Pleadings, Briefs, Authorities or Evidence (doc. 48). At the hearing, Plaintiff's counsel appears to have modified his argument to add that retroactive application as applied to him would deprive him the ability to argue that the discovery rule, admittedly not within the express language of § 16.012, should apply to his action. In effect, the discovery rule application would save his action from a straightforward application of § 16.012.

It is axiomatic that the Texas legislature be able to impose time limitations without violating the retroactive provision so long as "it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law, or if the amendment does not bar all remedy." *Burlington*, 419 F.3d at 359-60. *Vaughn* and *Burlington* illustrate this point. In *Vaughn*, the retroactive application of § 16.012 required the impossible: plaintiffs would have had to file their action in 1995 for death and injuries that occurred in January 2003. 249 Fed. Appx. at 31-32. In stark contrast, the *Burlington* plaintiff's injury occurred in January 2003, and even with a retroactive application of § 16.012, plaintiff had until October 2003 to file its action. 419 F.3d at 360. Section 16.012 as applied to *Vaughn,* but not the *Burlington* plaintiff, was unconstitutional because the plaintiffs were deprived reasonable time or a fair opportunity.

Here, the Court again concludes that no material issue of fact exists. Plaintiff had a reasonable time and a fair opportunity to file his action. His last injury purportedly connected to Accutane was in 1991. The retroactive application of § 16.012 required him to file an action in 1999, notwithstanding any the two-year statute of limitations and discovery rule-related issues. Plaintiff's reliance on *Vaughn* is therefore misplaced and his failure to distinguish *Burlington* fatal.

5

Eight years to initiate the instant action cannot be reasonably viewed as unfair.

The Court likewise rejects Plaintiff's argument that he is being deprived of the ability to raise a discovery rule argument. First, Plaintiff's interpretation of the Texas discovery rule is without authority. Plaintiff argues that, while he knew of his injuries in 1991, he did not discover the cause until some unspecified time later.[3] Hence, like *Vaughn*, he had an accrued legal claim, not just some mere expectation, that is unfairly being taken away by the retroactive application of § 16.012. The Texas Supreme Court, however, has defined the discovery rule for statute of limitations purposes as follows: "a cause of action accrues whenever a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice ... ." *Childs v. Haussecker*, 974 S.W.2d 31, 33-34 (Texas 1998). Plaintiff's attempt to rewrite the discovery rule for statute of repose as one in which the plaintiff is entitled to discover (subjectively or objectively) both the injury and the cause before any limitation begins to run is without authority. Further, based on the rationale set forth in *Childs*, such an extraordinary extension of the discovery rule would create such a legal loophole to effectively do away with any statutes of limitation and repose. Second, by conceding that no discovery rule exists within the latent disease exception of § 16.012, Plaintiff asks this Court to recognize his right argue for a judicially-created amendment to the explicit statutory language. This the Court will not do. Third, even applying the discovery rule as set forth in *Childs* to this action, Plaintiff's action would have accrued in 1991 when he had his colon surgery.

At bottom, the Court concludes that no material fact is at issue. Plaintiff was afforded a

---

[3] It is not lost on the Court that Plaintiff has carefully avoided identifying with any precision when Plaintiff actually discovered the alleged link between his injury and Defendants' product Accutane in the pleadings, the summary judgment papers, the motion seeking leave to amend pleadings or submit evidence or at the August 22nd hearing.

reasonable, fair opportunity to file his action but did not. Accordingly the Court returns to where it began: a straightforward application of § 16.012. Plaintiff's action is barred as untimely. Defendants are entitled to judgment as a matter of law.

### III.  CONCLUSION

For the reasons set forth above and by Defendants' counsel at the August 22nd hearing, the Court hereby GRANTS Defendants' motion for summary judgment.

**SO ORDERED.**

**DATED: September 10, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE